**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**

FILED

2008 Jan 11 PM 02:16

CLERK U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
TOLEDO



Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **In Re:** | ) | Case No. 08-30046 |
| | ) | |
| Thomas J. Moynahan, | ) | Chapter 7 |
| | ) | |
| **Debtor(s)** | ) | **JUDGE MARY ANN WHIPPLE** |
| | ) | |

## ORDER

This case is before the court on a motion seeking dismissal and a waiver of the fees due upon filing of a new case because this case was commenced in error.

This case was electronically filed on January 6, 2008. The shell was opened for Thomas J. Moynahan, but the attached petition PDF was for Debtor Shawn L. Bouyer, for whom another case has already been separately commenced. This is not a problem that can be corrected by amendment of the incorrect petition PDF, because the filing of the petition by a person is the statutory act that effects commencement of a case. 11 U.S.C. § 30(a). Rather, this problem necessitates the opening of a new case with the correct petition for Mr. Moynahan in PDF form. The within case must necessarily be dismissed, as has been requested.

The motion also seeks waiver of the $299 in fees required to be paid upon the opening and filing of the correct new case as will be required for Mr. Moynahan to seek bankruptcy relief. The

only basis upon which filing fees can be waived is if a Debtor qualifies for in forma pauperis status under 28 U.S.C. § 1930(f). There is no showing here that Mr. Moynahan so qualifies, and in any event the showing would have to be made in the new case. Nor is there any other basis shown in the motion upon which the court could waive the filing fee in a new case. In essence the request to waive the filing fee upon re-filing is an attempted way around the policy of the Judicial Conference of the United States that prohibits refunding the fees due upon filing, even if the party filed the case in error and even if the court dismisses the case. Locally, that policy has been implemented by General Order 05-2, dated October 5, 2005, which is available on the court's website under Judges' Information/General Orders. General Order 05-2 provides in pertinent part: "IT IS ORDERED that refunds will not be permitted on fees due upon filing, even if the party files the document in error and even if the court dismisses the case or pleading." The exception is where an administrative error is made by the clerk or the court's system. The court has determined that the opening and filing of this case did not result from administrative error by the clerk or a problem with the court's electronic filing system.

**IT IS THEREFORE ORDERED** that Debtors' Motion to Dismiss and Request to Waive Additional Filing Fee Upon Refiling [Doc. #4] is **GRANTED in part and DENIED in part;** and

**IT IS FURTHER ORDERED** that the motion is granted as to dismissal and this case is hereby **DISMISSED**; and

**IT IS FURTHER ORDERED** that the motion is denied as to fee waiver. The filing fees paid as required to open this case cannot be refunded and the fees due upon filing of any new case cannot be waived absent separate compliance therein with 28 U.S.C. § 1930(f)(1) as to in forma pauperis status.

2